**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL WISEMAN, ESQ. as NEXT FRIEND    :
TO LARRY RUSH,                                               :
          Petitioner,                           :        CIVIL ACTION
                                :        CAPITAL CASE
          v.                                               :        NO. 08-4843
                                :
JEFFREY BEARD, et al.                                   :
          Respondents.                          :


**EXPLANATION**

**I. Background**

     On October 9, 2008, Michael Wiseman ("Wiseman") filed a Petition for a Writ of

Habeas Corpus as Next Friend to Larry Rush ("Rush").  Wiseman is the Chief of the Capital

Habeas Unit ("CHU") of the Federal Community Defender Office for the Eastern District of

Pennsylvania.  The CHU contacted Rush numerous times after realizing that Rush's limitations

period under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244, ("AEDPA")

might be running.  When Rush refused to meet with CHU staff and responded to only one letter,

Wiseman filed this Petition as next friend, asserting that "Mr. Rush is not able to fend for

himself, and that [counsel is] duty bound to file the instant petition in order to protect Mr. Rush's

right to seek review of his claims for relief."  On October 14, 2008, this Court Ordered that

Respondents file a response to the Petition on or before November 24, 2008.

     On October 31, 2008, Rush filed a "Petition for Order Terminate Petition for a Writ of

Habeas Corpus Submitted by the Capital Habeas Corpus Unit of the Federal Community

Defender Office for the Eastern District of Pennsylvania on Behalf of Larry Rush, and Issuance

of Order Relieving Respondents of their November 24, 2008 Expiration Date to File a Response

to the Terminated Petition for a Writ of Habeas Corpus."  In this Petition, Rush made it clear that he did not intend to waive his right to further proceedings and that he intended to represent himself in filing a Petition for Habeas Corpus.  Rush also detailed the extensive problems he has had with past counsel and indicated that he would not like any assistance from the CHU and/or Wiseman.  Because of this filing, the Court granted Respondents' request for an extension of time to respond and scheduled a status conference in January 2009.  At the status conference on January 29, 2009, Rush reiterated that he wanted to represent himself and the Court explained that in order for him to do so, the Court would have to make a competency finding.  Rush also expressed a desire to file his own petition for a writ of habeas corpus.  The Court told Rush that he was permitted to file his own petition whenever he wished.  From Rush's correspondence with the Court it appears as if he believes that his motion to proceed in forma pauperis and to stay his execution tolls the time limitations in AEDPA, which is not the case.  See Woodford v. Garceau, 538 U.S. 202, 207 (2003) (explaining that a habeas suit begins with the filing of a habeas application seeking an adjudication of the merits of a petitioner's case, not by other filings such as a motion for a stay of execution or appointment of counsel).  To date Rush has not filed his own habeas petition, despite being told orally on January 29, 2009, and in an order filed March 9, 2009, that he could do so.

On February 2, 2009, the Court ordered that SCI Green permit Dr. Robert Mark Wettstein to evaluate Rush to determine if Rush is competent to represent himself in a petition for a writ of habeas corpus.  On February 9, 2009, Rush filed a "Motion To Rescind January 29, 2009 Ruling for Petitioner to be Examine [sic] by a Psychiatric [sic] for Competency; To Address the Petitioner's October 27, 2008 Motion to 'Terminate Petition for a Writ of Habeas Corpus Filed by Mr. Wiseman, and for Order Granting the Petitioner the Allotted Time, Requested in his

2

Motion for Stay of Execution, to File his Petition for a Writ of Habeas Corpus Independently."
Mr. Rush also sent the Court a letter dated February 9, 2009, stating "I most definitely am not
going to permit myself to be available to Dr. Robert Mark Wettstein for the sole purpose of
allowing him to evaluate me to determine . . . whether I am competent to represent myself in . . .
a matter that I am not part of . . of Michael Wiseman as Next Friend. . . ."  On February 18,
2009, the Court denied Rush's February 9, 2009 motion.  On February 25, 2009, Rush appealed
that denial to the Third Circuit Court of Appeals.

On May 11, 2009, Dr. Wettstein went to SCI Greene and attempted to evalaute Rush, but
Rush refused to leave his cell to conduct the psychiatric interview.  Therefore, Dr. Wettstein was
unable to form an opinion as to Rush's competency to represent himself.  On June 5, 2009, the
Third Circuit Court of Appeals denied Rush's appeal for lack of appellate jurisdiction.

## II.  Appointment of Counsel Nun Pro Tunc

The Supreme Court held that defendants do not have a constitutional right to represent
themselves either at a criminal trial or on direct appeal of a criminal conviction.  A court has
discretion to allow a defendant to proceed pro se or insist that a defendant accept appointed
counsel.  See  Martinez v. Court of Appeal of Cal., 528 U.S. 152, 692 (2000) (holding that a
defendant does not have a constitutional right to represent himself on direct appeal from a
criminal conviction, but the appellate court has discretion to allow him or her to proceed pro se);
Indiana v. Edwards, 128 S. Ct. 2379 (2008) (holding that a defendant does not have a
constitutional right to self-representation at trial, and a trial court can insist that a defendant
accept representation.)  Just as at a criminal trial or on direct criminal appeal, an indigent
defendant seeking to vacate or set aside a death sentence under 28 U.S.C. § 2254 is entitled to
appointed counsel under 18 U.S.C. § 3599.  It follows, therefore, that Rush does not have a

3

constitutional right to self-representation in his habeas corpus petition, but this Court has discretion to allow him to proceed pro se or to insist that he accept representation.  Because Rush has refused to be evaluated, there is no way to determine if he is competent to represent himself; therefore, I order that he accept appointed counsel for this habeas corpus petition.  I appoint Michael Wiseman as Larry Rush's counsel nun pro tunc for the petition for habeas corpus filed on behalf of Larry Rush on October 9, 2008.  The October 9th Petition is amended to eliminate "next friend" references because Wiseman is Rush's court-appointed attorney as of that date. Further, Respondents are ordered to respond to this petition for habeas corpus by July 13, 2009.


s/Anita B. Brody


_____

ANITA B. BRODY, J.



Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:


4

5